UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>  Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER, LLC; and BRETT BOUCHY, an individual,<br><br>  Defendants. | Case No.: 23-CV-1240 JLS (AHG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>(ECF No. 30) |

Presently before the Court is Defendant Freedom Forever, LLC's ("Freedom Forever" or "Defendant") Partial Motion to Dismiss Plaintiff's Second Amended Complaint ("Mot.," ECF No. 30). The Court took the Motion under submission on March 7, 2024, noting that it was unopposed. ECF No. 31. That same day, Plaintiff Anton A. Ewing filed an untimely Opposition to the Motion ("Opp'n," ECF No. 32), and Freedom Forever filed a Reply ("Reply," ECF No. 33) six days later. Having carefully considered the Parties' submissions and the law, the Court **GRANTS IN PART AND DENIES IN PART** Freedom Forever's Motion.

## BACKGROUND

The Court here incorporates the factual and procedural background outlined in its January 19, 2024 Order ("Order," ECF No. 23) and states here only the additional

background relevant to the instant motion.

In the Order, the Court dismissed without prejudice Plaintiff's request for injunctive relief under the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227). Order at 18–19. Further, the Court struck Plaintiff's allegations relating to purported breaches of a prior settlement agreement between Plaintiff and Defendant. *Id.* at 21–22. The Court reasoned that Plaintiff's Complaint was ambiguous as to whether he intended to bring a breach of contract claim, particularly given Plaintiff's failure to address Defendant's arguments on the issue. *Id.* The Court advised Plaintiff that if he indeed intended to bring a breach of contract claim, he "must include said claim as a standalone cause of action [in an amended complaint], clarify the relief he seeks, and allege sufficient facts to state a plausible claim for relief." *Id.* at 22.

After the Court struck Plaintiff's subsequent pleading for failure to comply with a separate provision of the Order, ECF No. 26, Plaintiff filed the Second Amended Complaint ("SAC," ECF No. 27). In it, Plaintiff states the following regarding his prior breach-of-contract-related allegations:

> Plaintiff hereby puts Defendant on notice that Plaintiff is forthwith filing an action in Superior Court for breach of the written signed settlement agreement that the parties signed at the end of the prior TCPA lawsuit between the parties. Breach of the contract is a purely state law matter and including that cause of action herein may confuse the jury or complicate the trial unnecessarily.

SAC ¶ 67. That said, the SAC retains the following allegation: "Plaintiff is also suing for all of the prior calls since Defendant, pursuant to Civil Code § 1439, cannot enforce that agreement now." *Id.* ¶ 41.

Plaintiff also renews his request for injunctive relief. He alleges that his prior lawsuit against Freedom Forever, and the alleged subsequent calls that occurred despite that prior lawsuit and settlement, give him standing to pursue injunctive relief. *Id.* at 86.

The instant motion followed. In it, Defendant seeks to dismiss with prejudice both Plaintiff's breach of contract claim and Plaintiff's request for injunctive relief.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." A court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" do not demonstrate a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Review under Rule 8(a) requires a context-specific analysis involving a court's "judicial experience and common sense." *Id.* at 679. A court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). That said, the Court need not accept as true "legal conclusions" contained in the complaint. *Iqbal*, 556 U.S. at 678.

///

If a complaint does not state a plausible claim for relief, a court should grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "The Ninth Circuit has instructed that the policy favoring amendments 'is to be applied with extreme liberality.'" *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 155 (N.D. Cal. 2005) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Finally, though litigants proceeding pro se are ordinarily entitled to liberal construction of their pleadings and arguments, said liberal construction does not extend to practicing attorneys. *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023). And, to the extent such solicitude extends to plaintiffs who have attended law school and have past litigation experience, said solicitude is reduced. *See id.* at 1020–21; *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the [litigant proceeding pro se] is experienced in litigation and familiar with the procedural setting presented."). As the Court has previously held, Plaintiff is entitled to only reduced deference at the motion-to-dismiss stage. Order at 6.

## DISCUSSION

### I. Untimely Opposition

Civil Local Rule 7.1(e)(2) requires the party against whom a motion is filed to file an opposition or statement of non-opposition no later than fourteen days prior to the motion's noticed hearing. Under Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1[(e)(2)], that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

Here, Plaintiff filed his Opposition seven days late, without explanation, and only after the Court issued an Order vacating the hearing on Defendant's Motion. Plaintiff did not request leave to so file. That said, though Defendant in its Reply acknowledges the lateness of the Opposition, Reply at 1, it neither urges the Court to grant the Motion on this

basis nor argues that Ewing's late-filed Opposition has prejudiced it. In this instance only, therefore, the Court will proceed to address the merits of Defendant's Motion. Plaintiff should not assume that future untimely filings will be met with the same leniency.

## II. Injunctive Relief

Plaintiff indicates in his Opposition that he no longer seeks injunctive relief. Opp'n at 4. Accordingly, the Court **DISMISSES** Plaintiff's request for injunctive relief **WITH PREJUDICE**.

## III. Breach of Contract

Defendant views Plaintiff's SAC as the latest in a series of failures to adequately plead a cause of action for breach of contract. *See* Mot. at 6–7. It suggests this case is akin to *Destfino v. Reiswig*, wherein the Ninth Circuit affirmed dismissal with prejudice after the plaintiffs failed, despite repeated attempts, to plead their fraud claims with sufficient particularity. 630 F.3d 952, 958–59 (9th Cir. 2011). Defendant therefore asks the Court to dismiss with prejudice any purported breach of contract claim.

The Court is unpersuaded that this case is analogous to *Destfino*. In *Destfino*, there was no question that the plaintiffs were attempting to bring fraud claims. *See id.* Here, by contrast, it is not clear that Plaintiff has ever sought to assert a breach of contract claim. In the Order, the Court noted that the FAC was "ambiguous" in this regard; indeed, the Court dismissed Plaintiff's breach of contract claim only "[t]o the extent that the FAC purported to state a claim for breach." Order at 21–22. Any outstanding ambiguity, moreover, is now resolved; Plaintiff clarifies in his Opposition that the SAC asserts no claim for breach of contract. Opp'n at 4. This is not a case, therefore, where a plaintiff's repeated failure to state a claim demonstrates that additional attempts would be futile. Instead, Defendant seeks to dismiss a claim that it is unclear Plaintiff has ever attempted to state.

Defendant's remaining argument for dismissal with prejudice is similarly unpersuasive. Defendant references Plaintiff's stated intent to file a breach-of-contract claim in state court and contends that it "should not be put to the expense of defending an alleged breach of contract claim in one court system while defending [California Invasion

of Privacy Act ("CIPA")] and TCPA claims . . . in another court system." Reply at 4. Per Defendant, because the Court is already exercising supplemental jurisdiction over Plaintiff's CIPA claims via 28 U.S.C. § 1367, it "cannot—or should not— . . . decline to do so over any claim for breach of contract. *Id.*

Defendant misunderstands the supplemental jurisdiction statute. Section 1367 allows federal courts, in cases over which they have original jurisdiction, to exercise jurisdiction over related state law claims. 28 U.S.C. § 1367. It does not, however, require a plaintiff to raise all related claims in a single action; nor does it empower federal courts or defendants to force plaintiffs to raise claims in federal court that they would prefer to raise elsewhere. *See id.*; *cf. Taylor v. Brinckhaus*, No. 18-CV-00804-JCS, 2018 WL 1891454, at *2 (N.D. Cal. Apr. 20, 2018) (rejecting the defendants' argument that 28 U.S.C. § 1367 constitutes an independent basis for removal). Instead, joinder of claims by plaintiffs is governed by Rule 18, which states that a party asserting a claim "*may* join" as many claims as it has. Fed. R. Civ. P. 18 (emphasis added). In contrast with compulsory counterclaims, therefore, the Federal Rules—and associated jurisdictional statutes—do not require plaintiffs to raise all related claims in the same action.[1]

Plaintiff has stated that he is not bringing a claim for breach of contract in this action. *See* Opp'n at 2. None of Defendant's arguments persuade the Court that it may respond to Plaintiff's statement with a dismissal with prejudice.

**IV.  Claims Previously Settled**

The SAC makes it clear that Plaintiff wishes to sue for "all of the prior calls"— presumably, calls alleged in a prior, settled TCPA lawsuit between Plaintiff and Defendant (the "Prior Calls"). *See* Compl. ¶¶ 41, 67. Defendant assumes that Plaintiff may not seek to recover under the TCPA or CRLA for the Prior Calls without pleading a breach of

---

[1] This is not to say that plaintiffs lack an incentive to file closely related claims in the same action. If a plaintiff withholds a claim from a lawsuit that involves other claims arising from the same transactional nucleus of facts, she risks claim preclusion should she later file the withheld claim in a separate action. *See, e.g.*, *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

contract claim. *See* Mot. at 7 (asserting, without argument, that because Plaintiff's breach of contract claim should be dismissed with prejudice, "[h]is claims . . . should be limited to the seven calls he specifically identifies in the [SAC]").

There is some appeal to Defendant's assumption. The SAC appears to acknowledge that the terms of a settlement agreement between Plaintiff and Defendant may bar suit on the Prior Calls, but asserts that Defendant cannot enforce that agreement pursuant to Cal. Civ. Code § 1439. *See* Compl. ¶¶ 41, 67. Section 1439 reads as follows:

> Before any party to an obligation can require another party to perform any act under it, he must fulfill all conditions precedent thereto imposed upon himself; and must be able and offer to fulfill all conditions concurrent so imposed upon him on the like fulfillment by the other party, except as provided by the next section.

Cal. Civ. Code § 1439. In his Opposition, Plaintiff contends that this provision "prohibits contract enforcement by the material-breaching [sic] wrongdoer." Opp'n at 3. Thus—at least, per Plaintiff—his ability to raise CIPA and TCPA claims grounded in the Prior Calls depends in part on a court's determination that a material breach of this settlement agreement occurred.[2] *See id.* And if Plaintiff, to escape the settlement agreement, intends to show that Defendant committed a material breach, it makes sense to think that that Plaintiff should raise breach of the settlement agreement as a claim. Indeed, other similarly situated plaintiffs have opted into this approach. *See Athena Cosms., Inc. v. AMN Distrib. Inc.*, No. 220CV05526SVWSHK, 2022 WL 4596549, at *2–10 (C.D. Cal. Aug. 16, 2022) (granting summary judgment on the plaintiff's breach of contract claim and thereby allowing the plaintiff to raise trademark claims released in the breached settlement).

///

---

[2] The Court expresses no opinion on the meaning or applicability of Cal. Civ. Code § 1439, whether the settlement agreement as written bars Plaintiff's suit to the extent it is based on the prior calls, or the merits of Plaintiff's theory regarding the effect of an alleged breach on the enforceability of the settlement agreement.

The fact that Plaintiff could take this approach, however, does not mean that federal pleading standards require Plaintiff to do so. "Settlement and release is an affirmative defense . . . ." *In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008). So too is claim preclusion.[3] *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). Therefore, "it is incumbent on the defendant to plead and prove" both defenses. *See id.*; *Watts v. City of Opelika*, No. 3:13-CV-742-MHT-PWG, 2015 WL 7450407, at *8 (M.D. Ala. Aug. 26, 2015) ("As with any affirmative defense, the party asserting the applicability of a release agreement bears the burden of proof."). And because defendants bear this burden, a plaintiff bringing a claim potentially barred by a defense need not plead around said defense. *See U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 435 n.9 (2017) ("In civil litigation, a release is an affirmative defense to a plaintiff's claim for relief, not something the plaintiff must anticipate and negate in her pleading."); *cf. Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018) ("[A]ffirmative defenses . . . may not [ordinarily] be raised on a motion to dismiss . . . ."). Instead, a plaintiff need only plausibly plead the specific claims they wish to bring.

To dismiss any portion of Plaintiff's claims for failure to plead a claim for breach of contract would require the Court to presume the applicability of an affirmative defense—release—that Defendants have not expressly raised. The Court is unpersuaded that it may act in such a manner. Therefore, the Court declines to dismiss any portion of Plaintiff's CIPA and TCPA claims on this basis.

**IV. The Prior Calls**

The Court must nevertheless determine whether the SAC provides sufficient notice of the Prior Calls to state a claim with respect to those calls. *See* Order at 9–10. As the

---

[3] In his Opposition, Plaintiff both (1) acknowledges that he dismissed his prior claims with prejudice and (2) asks that the Court rule on whether such claims are precluded. *See* Opp'n at 3–5. However, as Defendant has not raised the issue of preclusion—and neither Party has briefed the issue—the Court declines Plaintiff's invitation.

Court noted in the Order, though many courts do not require a plaintiff to allege details at the pleading stage about the time and content of *every* call they allege violates the TCPA, plaintiffs must still describe the approximate number of calls they received, the approximate date-range within which they received said calls, and the contents of at least some calls. *Id.* (citing *Strickler v. Bijora, Inc.*, No. 11 CV 3468, 2012 WL 5386089, at *1–3 (N.D. Ill. Oct. 30, 2012)). Here, as Defendant points out, the SAC fails to provide "any details whatsoever" as to the Prior Calls. Mot. at 6. As there is no indication in the SAC of the approximate date range within which Plaintiff received the Prior Calls or the approximate number of Prior Calls, Plaintiff's allegations regarding the Prior Calls are insufficient.

Accordingly, the Court **DISMISSES** with leave to amend Plaintiff's TCPA and CIPA claims to the extent they rely on the Prior Calls.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Partial Motion to Dismiss (ECF No. 30). The Court **DISMISSES WITH PREJUDICE** Plaintiff's request for injunctive relief. The Court **DISMISSES WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND** Plaintiff's TPCA and CIPA claims only to the extent they seek to recover for the Prior Calls. The Court otherwise **DENIES** Defendant's Motion.

Plaintiff **MAY FILE** an amended complaint within ten (10) days of the date of this Order. Any amended complaint must be complete in itself, without reference to previous complaints, and any claim not realleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be considered waived).

///

If Plaintiff files an amended complaint, Defendant must respond within the time prescribed by Federal Rule of Civil Procedure 15. If Plaintiff elects not to file an amended complaint within the time prescribed herein, the case will proceed on Plaintiff's surviving claims, and Defendant's answer will be <u>due fourteen (14) days</u> after the expiration of Plaintiff's deadline to file an amended complaint.

**IT IS SO ORDERED**.

Dated: April 26, 2024

Hon. Janis L. Sammartino
United States District Judge