UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>                            Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER, LLC; and BRETT BOUCHY, an individual,<br><br>                            Defendant. | Case No.: 23-CV-1240 JLS (AHG)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS; (2) DENYING PLAINTIFF'S MOTION FOR FRCP 11 SANCTIONS; AND (3) DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>(ECF Nos. 38, 39, 59) |

     Presently before the Court is a series of motions. First, Plaintiff Anton A. Ewing filed a Motion to Dismiss Defendant's Counterclaims ("CC Mot.," ECF No. 38).[1] Two weeks later, he filed a Motion for Rule 11 Sanctions ("Sanctions Mot.," ECF No. 39).[2] Not to be outdone, Defendant Freedom Forever, LLC then filed a Motion to Strike ("MTS,"

---

[1] Defendant filed an Opposition to the Counterclaim Motion ("CC Opp'n," ECF No. 41), and Plaintiff then filed a Reply ("CC Reply," ECF No. 43).

[2] Defendant again filed an Opposition to the Sanctions Motion ("Sanctions Opp'n," ECF No. 52), to which Plaintiff replied ("Sanctions Reply," ECF No. 53).

ECF No. 59) targeting Plaintiff's Sanctions Reply and associated Declaration ("Decl.," ECF No. 54).[3]  Having carefully considered the Answer ("Answer," ECF No. 35), the Parties' arguments, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Dismiss Defendant's Counterclaims, **DENIES** Defendant's Motion to Strike, and **DENIES** Plaintiff's Motion for Rule 11 Sanctions.[4]

## BACKGROUND

The Court incorporates by reference the factual and procedural background stated in its April 29, 2024 and January 19, 2024 Orders and states here only the additional facts relevant to the instant Motions.

On April 29, the Court granted in part and denied in part Defendant's Partial Motion to Dismiss (ECF No. 30).  In so doing, the Court dismissed Plaintiff's request for injunctive relief with prejudice and dismissed Plaintiff's Telephone Consumer Protection Act ("TCPA") and California Invasion of Privacy Act ("CIPA") claims to the extent they sought to recover for calls alleged in a previous lawsuit. ECF No. 34 at 9.  Plaintiff declined to amend his operative pleading,[5] so Defendant filed an Answer on May 20, 2024.  In the Answer, Defendant alleged that it and Plaintiff previously entered into a settlement agreement to resolve a separate TCPA lawsuit.  Answer at 15.  That agreement, per Defendant, (1) contains non-disparagement and confidentiality provisions and (2) entitles the prevailing party in a suit for breach of the agreement to attorney's fees. *Id.* at 15–19.  Defendant now accuses Plaintiff of breaching both provisions and brings four counterclaims.  *Id.*  These counterclaims include breach of the non-disparagement provision (Claim I), breach of the confidentiality provision (Claim II), attorney's fees

---

[3] Plaintiff filed an Opposition to the MTS ("MTS Opp'n," ECF No. 61) on August 6, 2024.  Defendant's deadline to reply has not yet expired.

[4] Despite the filing chronology, the Court will naturally resolve the Motion to Strike before the Motion for Rule 11 Sanctions because resolution of the latter depends upon the resolution of the former.

[5] Plaintiff has since asked the Court for leave to file a third amended complaint.  *See* ECF No. 55.  This request remains pending.

(Claim III), and breach of the implied duty of good faith and fair dealing (Claim IV). *Id.* The instant Motions followed.

## MOTION TO DISMISS COUNTERCLAIMS

### I. Legal Standard

#### A. Rule 12(b)(1)

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). Accordingly, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

The party asserting jurisdiction—here, Defendant—bears the burden of establishing that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action." *Wilkerson v. Butler*, 229 F.R.D. 166, 169 (E.D. Cal. 2005).

#### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." A court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citation omitted).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" do not demonstrate a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Review under Rule 8(a) requires a context-specific analysis involving a court's "judicial experience and common sense." *Id.* at 679. A court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). That said, the Court need not accept as true "legal conclusions" contained in the complaint. *Iqbal*, 556 U.S. at 678.

If a complaint does not state a plausible claim for relief, a court should grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading could . . . cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "The Ninth Circuit has instructed that the policy favoring amendments 'is to be applied with extreme liberality.'" *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 155 (N.D. Cal. 2005) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Finally, though litigants proceeding pro se are ordinarily entitled to liberal construction of their pleadings and arguments, said liberal construction does not extend to practicing attorneys. *Huffman v. Lindgren*, 81 F.4th 1016, 1021 (9th Cir. 2023). And, to the extent such solicitude extends to plaintiffs who have attended law school and have past

litigation experience, said solicitude is reduced. *See id.* at 1020–21; *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the [litigant proceeding pro se] is experienced in litigation and familiar with the procedural setting presented."). As the Court has previously held, Plaintiff is entitled to only reduced deference at the motion-to-dismiss stage. ECF No. 34 at 6.

## II.   Discussion

### A.   *Supplemental Jurisdiction*

Plaintiff first encourages the Court to decline to exercise supplemental jurisdiction over Defendant's counterclaims, which are grounded in state law. Plaintiff argues "the breach of contract claim has nothing to do with [his] TCPA causes of action and will only confuse the jury."[6] Mot. at 11.

In any action in which the Court has original jurisdiction, it may also exercise supplemental jurisdiction "over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966) (holding that a single case or controversy exists for purposes of § 1367 if the state and federal claims "derive from a common nucleus of operative fact" such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding"). Supplemental jurisdiction extends to compulsory counterclaims—i.e., counterclaims that arise from the same aggregate set of operative facts as the initial claim. *VBS Distribution, Inc. v. Nutrivita Lab'ys, Inc.*, No. SACV 16-01553-CJC-DFMx, 2017 WL 2404920, at *3 (C.D. Cal. Mar. 1, 2017).

---

[6] Plaintiff also encourages the Court to decline supplemental jurisdiction because he has filed his own breach-of-contract action in state court, where he thinks Defendant's counterclaim belongs. CC Mot. at 11. Risk of conflict with parallel state court proceedings, however, are not listed among the statutory circumstances in which the Court may decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(1)–(4). So, the Court will not consider this parallel action when resolving Plaintiff's supplemental jurisdiction argument. Nor will the Court assess whether some other doctrine might support dismissal in such circumstances—it is not the Court's role to litigate this case for Plaintiff. Finally, the Court did not dismiss Plaintiff's potential breach of contract claim; Plaintiff chose not to amend his pleading to assert it. *See* Order at 5–6. Any inconvenience associated with attempting to reverse his prior decision therefore falls on Plaintiff's shoulders.

And, though the Ninth Circuit has yet to decide the issue, the Second and Seventh Circuits have affirmed the exercise of supplemental jurisdiction over permissive counterclaims as well. *Elements Spirits, Inc. v. Iconic Brands, Inc.*, No. CV 15-02692 DDP AGRx, 2015 WL 5470297, at *4 (C.D. Cal. Sept. 17, 2015) (first citing *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212–13 (2d Cir. 2004); and then citing *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 384 (7th Cir. 1996)); *see also Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1169 (N.D. Cal. 2005) ("[T]he standard for supplemental jurisdiction is broader than the standard for a counterclaim to be compulsory.").

There is some logical appeal to Plaintiff's argument. At least one court has declined to adjudicate a breach-of-contract counterclaim arising out of litigation conduct, reasoning that delving into such conduct risked prejudicing the jury against the Plaintiff. *Yardley v. ADP TotalSource, Inc.*, No. CV-13-04639-MWF-JCGX, 2014 WL 1496333, at *4 (C.D. Cal. Apr. 4, 2014). Moreover, the occurrences upon which Defendant's counterclaims are based (pleadings filed and communications sent during this litigation) are separate from the occurrences upon which Plaintiff's TCPA and CIPA claims are based (alleged calls made not in furtherance of this litigation but instead to sell solar panels).

Plaintiff, however, conveniently ignores an obvious factual connection between his TCPA/CIPA claims and Defendant's counterclaims—one that renders them sufficiently related to support the exercise of supplemental jurisdiction. Plaintiff, attempting to defeat Defendant's breach of contract claim, accuses Defendant of breaching first. Mot. at 9–10. Defendant's alleged breach? Making the very calls for which Plaintiff seeks to recover under the TCPA and CIPA. So, Plaintiff's claims—and Defendant's counterclaims—share an issue of common proof—i.e., "a partial, but material, common nucleus of operative facts." *See Coleman v. Dish Network LLC*, No. LA CV17-02460 JAK AFMX, 2017 WL 6888289, at *5 (C.D. Cal. Nov. 22, 2017) (exercising supplemental jurisdiction over a breach-of-contract claim where the defendant sought to raise the contract as an affirmative defense to the plaintiff's TCPA claim). This common issue renders it reasonable and expected to try the two claims together.

Finally, the Court is unpersuaded that any of the four statutory circumstances that justify declining supplemental jurisdiction exist in this case. *See id.* (noting a breach of contract claim neither "raise[d] any novel or complex issues of state law" nor did it "substantially predominate over the TCPA claim" and concluding any prejudice concerns could be resolved through bifurcation); *Wilson v. Discover Bank*, No. 3:12-CV-05209-RBL, 2012 WL 1899539, at *3 (W.D. Wash. May 24, 2012) (similar). So, the Court will exercise supplemental jurisdiction over Defendant's counterclaim.

### B.  Litigation Privilege

Plaintiff next contends that California's litigation privilege—codified at Cal. Civ. Code § 47—bars Defendant's counterclaims. This absolute privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 786 P.2d 365, 369 (Cal. 1990) (en banc). The privilege applies "to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *Id.* at 368 (citations omitted). Moreover, it is "absolute in nature"; where it applies, it cannot be overcome. *Id* at 370–71.

Defendant does not contend that Plaintiff's statements fail to satisfy the *Silberg* elements. Instead, Defendant points out that the litigation privilege generally "precludes liability in tort, not liability for breach of contract." CC Opp'n at 6 (quoting *Crossroads Invs., L.P. v. Fed. Nat'l Mortg. Assn.*, 222 Cal. Rptr. 3d 1, 27–28 (Ct. App. 2017)). Per Defendant, "the narrow circumstances in which the privilege might apply to contract claims are [not] present here." *Id.*

Defendant accurately describes the governing law. In California, the litigation privilege does not categorically bar breach-of contract claims. Instead, "whether the litigation privilege applies to an action for breach of contract turns on whether its application furthers the policies underlying the privilege." *Wentland v. Wass*, 25 Cal. Rptr. 3d 109, 114 (Ct. App. 2005). These policies include "ensur[ing] free access

to the courts, promot[ing] complete and truthful testimony, encourag[ing] zealous advocacy, giv[ing] finality to judgments, and avoid[ing] unending litigation." *Id.* at 115.

In *Wentland*, the defendants claimed, when opposing a motion for summary judgment filed by the plaintiff, that an audit they launched was reasonable because they had evidence of self-dealing by the plaintiff. *Id.* at 111. In response, the plaintiff filed a cross-complaint accusing the defendants of violating a settlement agreement relating to the alleged self-dealing. *Id.* This agreement "provided that [the defendants] would make no accusation or comment that alleged wrongdoing by [the plaintiff] concerning [the alleged self-dealing]" and that "the terms of the agreement would be kept confidential." *Id.* The defendants sought refuge in the litigation privilege, but the appellate court disagreed. It reasoned that the "cause of action [was] not based on allegedly wrongful conduct during litigation," but instead "on breach of a separate promise independent of the litigation." *Id.* at 116. Put differently, the "breach was not simply a communication, but also wrongful conduct or performance under the contract." *Id.* By knowingly entering the contract, said the court, the defendants "waived the protection of the litigation privilege." *Id.* To hold otherwise "would frustrate the purpose of the [agreement]" and "undermine[] the settlement," thereby "invit[ing] further litigation." *Id.* at 116–17.

Because this case is indistinguishable from *Wentland*, Defendant's breach-of-contract counterclaims are not barred by the litigation privilege. Here, as in *Wentland*, Plaintiff signed a contract requiring him to keep the terms of the agreement confidential and to refrain from disparaging Defendant. *See* Answer at 15–17. Similarly, Plaintiff allegedly breached that contract through statements made during—and filings submitted in—this litigation. So, though Plaintiff's statements may be shielded from tort liability by the litigation privilege, Plaintiff, by signing the settlement agreement, waived the privilege's protection respecting liability in contract.[7]

---

[7] Indeed, numerous courts have declined to apply the litigation privilege in similar situations. *See, e.g.*, *Bakst v. Cmty. Mem'l Health Sys., Inc.*, No. CV 09-08241 MMM (FFMX), 2011 WL 13214303, at *10 (C.D. Cal. Jan. 31, 2011) (non-disparagement agreement); *Avid Life Media, Inc. v. Infostream Grp., Inc.*,

Plaintiff's counterargument is unavailing. Plaintiff fixates on Defendant's counterclaim for breach of the implied duty of good faith and fair dealing, contending it sounds in tort—not contract. CC Reply at 4. Plaintiff, however, misunderstands the law. With the limited exception of insurance-related, bad-faith claims, a plaintiff's recourse for breach of the implied covenant "has almost always been limited to contract rather than tort remedies." *Foley v. Interactive Data Corp.*, 765 P.2d 373, 389 (Cal. 1988) (en banc). Indeed, "[a]n allegation of breach of the implied covenant of good faith and fair dealing is an allegation of breach of an 'ex contractu' obligation, namely one arising out of the contract itself." *Id.* at 394. And "ex conctractu" causes of action, per *Wentland* and *Crossroads*, generally escape the litigation privilege. 25 Cal. Rptr. 3d at 117; 222 Cal. Rptr. 3d at 27–28.

True, one California case has applied the litigation privilege to bar a bad-faith claim. *Alexsam, Inc. v. Green Dot Corp.*, No. 2:15-CV-05742-CAS-PLAX, 2016 WL 7261538, at *3–4 (C.D. Cal. Dec. 13, 2016). But that court, contrary to *Foley*'s teachings, concluded that a bad-faith claim is "ex delicto" rather than "ex contractu"—i.e., that it sounded in tort. *Id.* at *4. Moreover, the *Alexsam* court derived a rule against applying the litigation privilege to implied contractual duties from cases that state no such rule. *See Vivian v. Labrucherie*, 153 Cal. Rptr. 3d 707, 715–16 (Ct. App. 2013) (holding that, given the important public interest favoring reports to law enforcement, statements not "clearly prohibit[ed]" by a contract remained privileged); *McNair v. City & Cnty. of San Francisco*, 5 Cal. App. 5th 1154, 1170 (Ct. App. 2016) (applying *Vivian*'s "clearly prohibits" rule to protect the strong public interest in incentivizing doctors to report public health concerns). And even if *Vivian*'s "clearly prohibits" rule ensures that statements made in violation of implied contractual duties retain privilege protection, no comparably strong public interest exists in the instant case.

---

No. CV 12-09201 DDP (AJWX), 2013 WL 6002167, at *6 (C.D. Cal. Nov. 12, 2013) (same); *Yardley v. ADP TotalSource, Inc.*, No. CV-13-04639-MWF JCGX, 2014 WL 1496333, at *2 (C.D. Cal. Apr. 4, 2014) (confidentiality agreement).

Attempting to raise such a policy concern, Plaintiff contends that he had to make the alleged statements to bring his lawsuit. But, as Plaintiff has previously emphasized, he has not brought a claim for breach of the settlement agreement. *See* ECF No. 34 at 5–6. Moreover, neither Plaintiff's TCPA nor his CIPA claims require Plaintiff to reference a past settlement agreement. And even if they did, Plaintiff could have alleged that he previously settled claims without including a near-full copy of the agreement as an exhibit to his Complaint. Plaintiff, therefore, has fallen into a trap of his own making. His attempt to rely on the litigation privilege fails.

### C. Failure to State a Claim

Plaintiff's failure-to-state-a-claim arguments target Defendant's first two counterclaims for breach of contract only (Claims I & II). In California, the elements of a breach-of-contract claim are "the existence of the contract, performance by [the accusing party] or excuse for nonperformance, breach by the [opposing party,] and damages." *Terlato Wine Grp., Ltd. v. Fed. Ins. Co.*, 642 F. Supp. 3d 1139, 1145 (N.D. Cal. 2022) (quoting *First Com. Mortg. Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Ct. App. 2001)). Plaintiff contends Defendant has failed to plausibly allege the second and third elements.

#### 1. Performance by Defendant

Plaintiff argues that because, in his view, Defendant has already breached their settlement contract, Defendant cannot raise a claim for breach of contract. This argument essentially targets the second element of Defendant's breach-of-contract claim: Defendant's performance.

To the extent Plaintiff asks the Court to adjudicate whether Defendant in fact breached the settlement agreement, the Court must decline Plaintiff's request. Resolving Plaintiff's contention would require the Court to consider evidence external to Defendant's counterclaims, which the Court may not do at this stage. *See id.* at 1145.

Instead, the Court will assess only whether Defendant has plausibly alleged performance of its obligations under the contract. Defendant pleads only that it "complied with its obligations under the Settlement Contract." Answer at 17–18. As this allegation

merely restates an element of the claim, the Court may not credit it for its truth.  *See Iqbal*, 556 U.S. at 680.  And the Answer contains no other factual allegations supporting the conclusion that Defendant performed its end of the bargain.  So, the Court must dismiss Defendant's breach-of-contract counterclaims (Claims I & II).  *Compare Causer v. Apria Healthcare Inc.*, No. SACV 13-00035-JVS-RNBX, 2013 WL 12473621, at *5 (C.D. Cal. July 22, 2013) (finding performance satisfactorily alleged when the claimant pleaded that it "provided the equipment and services it agreed to provide pursuant to [the contract]"), *and Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1143 (E.D. Cal. 2012) (crediting allegation of performance where the relevant pleading both described the specific job duties the plaintiffs were required to perform under the contract and alleged that the plaintiffs completed those duties), *with Dongguan Beibei Toys Indus. Co. v. Underground Toys USA, LLC*, No. CV 19-04993 DSF JPRX, 2020 WL 2065034, at *3 (C.D. Cal. Mar. 2, 2020) (dismissing breach-of-contract claim supported by only conclusory allegations).  As Defendant can rectify this issue, however, the Court will grant Defendant leave to amend.

### 2. *Failure to Identify Disparaging Statements/Disclosure of Confidential Information*

Plaintiff also complains that Defendant must—and fails to—identify (1) the specific statements they consider to be disparaging and (2) the specific instance(s) in which Plaintiff disclosed confidential information.  Defendant claims in response that they need only allege that Plaintiff breached the relevant provisions.

The Court sides with Plaintiff.  In *Sieler v. Atieva Inc.*, a Northern District of California court considered a nearly identical argument when evaluating the alleged breach of a non-disparagement clause.  No. 22-CV-00063-NC, 2022 WL 18402494, at *5 (N.D. Cal. Dec. 16, 2022).  There, the court dismissed the breach of contract claim, noting that the claimant "fail[ed] to identify any specific . . . remarks."  *Id.*  This Court agrees with *Atieva*.  Without knowing which specific remarks Defendant deems disparaging, the Court cannot assess whether Defendant has stated a plausible claim for relief.  The Court will

1  thus dismiss Defendant's claim for breach of the settlement agreement's non-
2  disparagement clause (Claim I), again granting Defendant leave to amend.

3        The Court is not persuaded, however, that Defendant must provide more information
4  regarding Plaintiff's alleged breach of the confidentiality provision. Defendant alleges
5  Plaintiff "publicly disclos[ed] certain terms and provisions of the [settlement agreement]
6  that are not subject to the exceptions of the [settlement's confidentiality provision]."
7  Answer at 12. This allegation is sufficient to put Plaintiff on notice of the alleged breach.
8  *See, e.g.*, *Physics, Materials, & Applied Mathematics Rsch. LLC v. Yeak*, No. CV-20-
9  00379-TUC-JCH, 2021 WL 2557398, at *7 (D. Ariz. May 3, 2021). Defendant is not
10 obligated to outline the "who, what, when, where, why, and how" of Plaintiff's alleged
11 disclosure.

12     **D.**    ***Necessary Parties***

13       Plaintiff contends that, to bring a breach-of-contract claim, all parties to the contract
14 must be named as either plaintiffs or defendants. Mot. at 6. Notably, he cites no authority
15 to support this contention.

16       Putting it mildly, the Court is unpersuaded. A party is necessary if (1) "in that
17 person's absence, the court cannot accord complete relief among existing parties," or
18 (2) "the person claims an interest relating to the subject of the action" and not joining that
19 person would either impair that interest or create a risk of inconsistent obligations.
20 Fed. R. Civ. P. 19(a)(1). It does not appear to the Court that any other parties to the
21 contract fall within these categories, and Plaintiff offers no argument that might persuade
22 the Court otherwise. The Court need say no more.

23     **E.**    ***Arguments Raised for the First Time in Reply***

24       Plaintiff raises a series of arguments for the first time in reply, including an argument
25 grounded in the agreement's language, a contention that Defendant cannot sue for
26 attorney's fees as a separate cause of action, and a claim that Defendant lacks provable
27 damages. *See* Reply at 2–4. Unfortunately for Plaintiff, "arguments raised for the first
28 time in a reply brief are waived" for purposes of resolving the relevant motion. *See*

12
23-CV-1240 JLS (AHG)

*Newpoint Fin. Corp. v. Bermuda Monetary Auth.*, 680 F. Supp. 3d 1151, 1163 n.3 (C.D. Cal. 2023) (quoting *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 (9th Cir. 2012)). Accordingly, the Court will not address these arguments.

## MOTION TO STRIKE

### I. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (internal quotation marks omitted) (quoting 5 Wright & Miller, *supra*, § 1382, at 711). Finally, an allegation is scandalous if it "improperly casts a derogatory light on someone, most typically on a party to the action." *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Aoki v. Benihana, Inc.*, 839 F. Supp. 2d 759, 764 (D. Del. 2012)).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Id.* (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). So, unless irrelevant, matters generally should only be stricken under Rule 12(f) if "their presence in the pleading will prejudice the party seeking to strike matters." *See Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1224 (S.D. Cal. 2010). "Where the moving party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'" *N.Y.C. Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (alteration in original) (quoting *Rivers v. Cnty. of Marin*, No. C 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 7, 2006)).

## II. Discussion

Defendant seeks to strike Plaintiff's Sanctions Reply and Declaration as immaterial. The Court need not dwell long on this request, as "only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Neither the Sanctions Reply nor the Declaration qualify as a "pleading," so Defendant's MTS is **DENIED**.

Defendant alternatively asks the Court to strike the Declaration alone because Plaintiff is not permitted to submit new evidence in reply. Defendant is correct that, generally speaking, the Court should not—and will not—consider evidence submitted for the first time in reply. *See Talavera v. Glob. Payments, Inc.*, 670 F. Supp. 3d 1074, 1093 (S.D. Cal. 2023). That said, the Court also recognizes that some courts have struck such evidence from the record. *See, e.g.*, *Davison Design & Dev. Inc. v. Riley*, No. C 11-2970 PJH, 2013 WL 1222691, at *2 (N.D. Cal. Mar. 25, 2013).

The Court agrees that the Declaration constitutes impermissible new evidence. That the Court *could* strike Plaintiff's Declaration, however, does not indicate that it *should*. And given the voluminous number of motions currently pending in this case, the Court is disinclined to incentivize the filing of future motions to strike. Therefore, the Court will not strike Plaintiff's declaration and will instead simply decline to consider it when resolving the Sanctions Motion. Before filing future motions to strike, Defendant should consider whether the battle is worth the gunpowder.

The Court stresses, however, that Plaintiff should not consider this decision a win. The Court also agrees with Defendant that the Declaration is entirely unrelated to the substance of the Sanctions Motion—whether Defendant's counterclaims are frivolous. So, the Court will give absolutely no weight to the Declaration when resolving the Sanctions Motion. The Declaration—and future such declarations, should Plaintiff continue with this futile form of argument—will thus amount to nothing more than a shout into the void.

/ / /

/ / /

# MOTION FOR RULE 11 SANCTIONS

## I. Legal Standard

Under Federal Rule of Civil Procedure 11, when a "pleading, written motion, or other paper," Fed. R. Civ. P. 11(b), "is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose," the court may impose sanctions, *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994). A request for sanctions must be made by separate motion, and the moving party must provide the other party twenty-one days in which to correct or withdraw the writing at issue prior to filing the sanctions motion. Fed. R. Civ. P. 11(c)(2).

The standard governing whether a pleading or motion is "frivolous" or brought for an "improper purpose" is one of reasonableness and objectivity. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). Where reasonable inquiry would reveal errors, a party may not avoid sanctions by claiming an innocent, good-faith mistake or carelessness. *Lloyd v. Schlag*, 884 F.2d 409, 412 (9th Cir. 1989). However, "sanctions should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)). Even if a court finds that a violation has occurred, the imposition of sanctions is discretionary. *See Warren*, 29 F.3d at 1390.

In addition, "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the [Rule 11] motion." Fed. R. Civ. P. 11(c)(2). "A party defending a Rule 11 motion need not comply with the separate document and safe harbor provisions when counter-requesting sanctions." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001).

## II. Discussion

Recycling the same arguments made in the CC Motion, Plaintiff moves for sanctions on the grounds that Defendant's counterclaims are frivolous. *See* Sanctions Motion at 4.

In opposition, Defendant counter-requests an award of attorney's fees, arguing the Sanctions Motion itself is frivolous. Sanctions Opp'n at 7. Both Parties' arguments are a dead end.

The Parties may test the Court's patience, but their respective actions have not risen to such a level as to justify sanctions. Plaintiff's Sanctions Motion fails because it essentially relitigates a debate Plaintiff already partially lost regarding the merits of Defendant's counterclaims. Though Plaintiff may have secured the dismissal of two of Defendant's counterclaims, the Court concluded that said counterclaims might be saved by amendment. And a claim that has "some plausible basis, [even] a weak one," is sufficient to avoid sanctions under Rule 11. *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001).[8] Meanwhile, the Court will decline Defendant's request for attorney's fees because only in the "rare and exceptional case" are sanctions appropriate, and to offer a carrot here would only serve to encourage similar requests in the future. *Operating Eng'rs Pension Tr.*, 859 F.2d at 1344.

Rather than reward either side's behavior, the Court urges the Parties once again, and in the strongest possible terms, to avoid seeking judicial intervention for conduct that does not reach the high standard meriting the imposition of sanctions. *See* ECF No. 24 at 10 (denying Defendant's earlier request for terminating sanctions and reminding the Parties to "seek sanctions sparingly, and not to obtain a tactical advantage or for any other improper purpose" in accordance with Civil Local Rule 2.1).

Both Plaintiff's Sanctions Motion and Defendant's attorney's fee request are **DENIED**.

///

---

[8] Plaintiff additionally asks the Court to refer Defense Counsel to the State Bar of California due to "his voluminous volume of cases that he is representing on in this state far exceed[ing] the threshold for those admitted *pro hac*." Sanctions Mot. at 8. It goes without saying that to accuse Defense Counsel of ethical misconduct without any substantiation whatsoever is a serious charge. The Court admonishes Plaintiff to be wary of these choppy waters.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Dismiss Defendant's Counterclaims (ECF No. 38).  Specifically, the Court **DISMISSES** Defendant's counterclaims for breach of contract (Claims One & Two)[9] based on Defendant's failure to plausibly allege (1) its own performance and (2) that Plaintiff made derogatory statements.  This dismissal, however, is **WITH LEAVE TO AMEND**, and Defendant **MAY FILE** amended counterclaims within fourteen (14) days of the date of this Order.  Plaintiff's Motion to Dismiss is otherwise **DENIED**.  The Court also **DENIES** Defendant's Motion to Strike (ECF No. 59) and Plaintiff's Motion for Rule 11 Sanctions (ECF No. 39).

**IT IS SO ORDERED**.

Dated:  August 21, 2024

Hon. Janis L. Sammartino
United States District Judge

---

[9] Save his complaints regarding supplemental jurisdiction, Plaintiff makes no arguments in his opening brief regarding the remaining counterclaims, and the Court thus does not address them.