Larry R. Schmadeka (SBN 160400)
larry.schmadeka@pierferd.com
Barry Goheen (Pro Hac Vice)
barry.goheen@pierferd.com
260 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Telephone: (949) 694-5388

Attorneys for Defendant,
Freedom Forever, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING, | ) Case No. 23-cv-01240-JLS-AHG |
| | ) |
| Plaintiff and Counter-Defendant, | ) |
| | ) DEFENDANT'S FIRST |
| v. | ) AMENDED |
| | ) COUNTERCLAIMS TO |
| | ) PLAINTIFF'S SECOND |
| | ) AMENDED COMPLAINT |
| FREEDOM FOREVER, LLC, | ) |
| | ) |
| | ) |
| Defendant and Counter-Plaintiff. | ) |

## **AMENDED COUNTERCLAIMS**

COMES NOW Defendant and Counter-Plaintiff, Freedom Forever, LLC ("Freedom Forever"), and submits its Amended Counterclaims against Plaintiff and Counter-Defendant, Anton Ewing ("Ewing"). For its Amended Counterclaims

against Ewing, Freedom Forever states as follows:

## **PARTIES AND JURIDICTION**

1. Defendant and Counter-Plaintiff, Freedom Forever, is a limited liability company formed under the laws of the State of Delaware and is headquartered in Temecula, California.

2. Plaintiff and Counter-Defendant, Ewing, is a citizen of the State of California and resides in San Diego, California.

3. The Court has jurisdiction over these Counterclaims pursuant to Fed. R. Civ. P. 13(a), as the Counterclaims are compulsory counterclaims that arise out of the transaction or occurrence that is the subject matter of Ewing's claims against Freedom Forever and do not require adding another party over whom the Court cannot acquire jurisdiction.

## **FACTS**

4. Ewing previously sued Freedom Forever in the United States District Court for the Southern District of California in 2020, Case No. 3:20-cv-00880 ("2020 TCPA Litigation").

5. In the 2020 TCPA Litigation, Ewing alleged that Freedom Forever committed violations of the Telephone Consumer Protection Act ("TCPA") and the California Right to Privacy Act ("CIPA").

6. Ewing and Freedom Forever reached a settlement of the 2020 TCPA

Litigation in 2021.

7. Ewing and Freedom Forever executed a document entitled "Confidential Settlement Agreement and General Release" dated as of June 4, 2021 ("Settlement Contract"), to memorialize the settlement of the 2020 TCPA Litigation.

8. The Settlement Contract is an enforceable contract between Ewing and Freedom Forever, supported by adequate consideration.

9. Among other things, Freedom Forever and Ewing agreed to the following provision (the "Non-Disparagement Provision") in the Settlement Contract:

> The Parties in this Action agree, warrant, and stipulate that they will not, orally or in writing, to any person through any medium, publicly or privately post, publish, make, or express any comment, view, or opinion that criticizes, is adverse to, brings disrepute, derogates, defames, or disparages any other Party to this Agreement in any manner whatsoever.

10. Additionally, among other things, the Freedom Forever and Ewing agreed to the following provision (the "Confidentiality Provision") in the Settlement Contract: "The parties and their counsel acknowledge, understand, and agree to keep the Agreement, its terms and existence, and all documents and things exchanged during settlement negotiations leading up to this Agreement (collectively, "Confidential Information") strictly confidential, and to not discuss or disclose Confidential Information or the

names of the Parties to this Agreement to any other person or entity," subject to certain exceptions not applicable to these Counterclaims.

11. Ewing has breached the Non-Disparagement Provision of the Settlement Contract by, among other things, publishing, via email and other avenues, derogatory, defamatory, and disparaging statements about Freedom Forever, its employees, and its counsel. These breaches include, but are not limited to, disparaging comments regarding Freedom Forever, Brett Bouchy, other employees of Freedom Forever, and counsel representing Freedom Forever. Specifically, these disparaging statements include, but are not limited to the following:

    a. Ewing made numerous derogatory, defamatory, and disparaging statements in his Complaint filed on July 5, 2023, including the following:

        i. "Defendant Freedom Forever is a limited liability company that conducts business throughout this District, in San Diego, California even though conduction such business is illegal and unauthorized under California state law." Plf. Compl., ¶ 4:4-8.

        ii. "Defendants are in the business of selling solar panel scams." *Id.* at ¶ 4:11.

iii. "Defendants use the wires of the United States to harass and annoy DNC registered telephone owners with their solicitation calls to sell sham loans to unsuspecting victims in California." *Id*. at ¶ 4:12-15.

iv. "The LLC named herein is a complete sham and the alter ego of Brett Bouchy. Bouchy is personally liable for the illegal acts and actions set forth in this complaint." *Id*. at ¶ 5:1-2.

v. "Defendant Freedom Forever has violated its own corporate charter from Colorado which authorizes only "lawful acts or activity." Telemarketing is illegal and it is a criminal act." *Id*. at ¶ 15:1-3.

vi. "Defendant FREEDOM Forever which conducts business using various fictitious or even fake names, owns and operates the website, www.freedomforever.com." *Id*. at ¶ 15:4-6.

b. Ewing made numerous derogatory, defamatory, and disparaging statements in his First Amended Complaint filed on August 7, 2023, including the following:

i. "Brett L. Bouchy got into a pickle with the SEC when he was brought to justice for securities fraud by the Honorable Senior

District Judge Susan R. Bolton in Arizona." Plf's First Am. Compl. ¶ 4:1-4.

    ii. "Defendant Freedom Forever is a limited liability company that conducts business throughout this District, in San Diego, California even though conducting such business is illegal and unauthorized under California state law." *Id*. at ¶ 5:1-4.

    iii. "Defendant is in the business of selling solar panel scams through his vast telemarketing operation which has caused his company to be sued for TCPA violations multiple times." *Id*. at ¶ 5:6-8.

    iv. "Bouchy is personally liable for the illegal acts and actions set forth in this complaint based on the laws that were violated and based on the written agreement that was signed on June 4, 2021." *Id*. at ¶ 7:8-11.

c. Ewing likewise made numerous derogatory, defamatory, and disparaging statements in his Second Amended Complaint filed on January 31, 2024, including the following:

    i. "Often times, telemarketers will use a fake name and will spoof a fake phone number in order to evade TCPA lawsuits. That is exactly what Defendant FREEDOM Forever has instructed,

ordered and commanded its employees to do." Plf.'s Second Am. Compl., ¶¶ 5:22-24 – 6:1-2.

    ii. "Defendant Freedom Forever has violated its own corporate charter which authorizes only 'lawful acts or activity.' Telemarketing is illegal and it is a criminal act under 47 USC §501." *Id.*, at ¶ 9:4-6.

d. The following derogatory statement was made by Ewing in his e-mail communications to Freedom Forever's counsel and is exemplary of Ewing's many derogatory statements to Freedom Forever's counsel as set forth in greater detail in Freedom Forever's motions for terminating sanctions:

    i. "Why don't you read your own potty-mouth emails Barry. You look like a fool every time you badmouth me…" E-mail Communication from Ewing, May 27, 2024 (1:25 PM).

e. The following derogatory statement was made by Ewing in his discovery responses in this case, as follows:

f. ""have advice to Plaintiff" is not proper grammar. Surely an attorney at law, such as Barry Goheen, would know this." Plf.'s Resp. to Def.'s Request for Production of Documents (Set One), ¶ 7:26-28.

g. These statements are not intended to be exclusive but are intended to be exemplary of the many derogatory statements Ewing has made in breach of the Non-Disparagement Provision of the Settlement Contract.

12. Freedom Forever performed its obligations and duties under the Settlement Contract.

    a. First, Freedom Forever agreed that it "will use its best efforts to not knowingly hire or pay third party telemarketers to make calls to Ewing" at certain telephone numbers identified in the Settlement Contract. In fact, Freedom Forever has used its best efforts to not knowingly hire or pay third party telemarketers to make calls to Ewing" at certain telephone numbers identified in the Settlement Contract.

    b. Freedom Forever agreed that it "will use its best efforts to ensure that Freedom Forever and its agents and employees never call Ewing again" at five identified "telephone numbers." In fact, Freedom Forever has used its best efforts to ensure that its agents and employees do not call Ewing at the identified numbers.

    c. Third, Freedom Forever represented that, "to the best of its

knowledge, it does not have Ewing's social security number and will not attempt to obtain the same for any unlawful purpose." In fact, Freedom Forever does not have Ewing's social security number and has not attempted to obtain the same for any unlawful purpose.

    d. Fourth, Freedom Forever agreed to "use its best efforts to not knowingly sell, give, transfer or provide Ewing's telephone numbers" identified in the Settlement Contract "to any other person or entity for the purpose of enabling them to call to Ewing at the telephone numbers listed in" the Settlement Contract. In fact, Freedom Forever has used its best efforts to not knowingly sell, give, transfer or provide Ewing's telephone numbers identified in the Settlement Contract to any other person or entityfor the purpose of enabling them to call to Ewing at the telephone numbers listed in the Settlement Contract.

    e. Under the Settlement Contract, Freedom Forever agreed to pay a sum certain to Ewing in settlement of his claims asserted in the 2020 TCPA Litigation. In fact, Freedom Forever made that payment as required by the Settlement Contract.

13. Ewing has breached the Confidentiality Provision of the Settlement Contract by publicly disclosing certain terms and provisions of the

Settlement Contract that are not subject to the exceptions to the Confidentiality Provision.

14. Freedom Forever has been damaged by Ewing's breaches of the Settlement Contract.

## COUNT ONE – BREACH OF CONTRACT: BREACH OF SETTLEMENT CONTRACT'S NON-DISPARAGEMENT PROVISION

15. Freedom Forever restates and realleges the allegations in all previous paragraphs as if fully set forth herein.

16. The Settlement Contract is an enforceable contract between Freedom Forever and Ewing, supported by adequate consideration.

17. Freedom Forever complied with its obligations under the Settlement Contract as detailed in Paragraph 12 above.

18. Ewing breached his obligations under the Non-Disparagement Provision of the Settlement Contract as detailed in Paragraph 11 above.

19. As a result of Ewing's breaches of the Non-Disparagement Provision of the Settlement Contract, Freedom Forever has incurred damages in an amount to be proven at trial.

## COUNT TWO – BREACH OF CONTRACT: BREACH OF SETTLEMENT CONTRACT'S CONFIDENTIALITY PROVISION

20. Freedom Forever restates and realleges the allegations in all previous paragraphs as if fully set forth herein.

21. The Settlement Contract is an enforceable contract between Freedom Forever and Ewing, supported by adequate consideration.

22. Freedom Forever complied with its obligations under the Settlement Contract as detailed in Paragraph 12 above.

23. Ewing breached his obligations under the Confidentiality Provision of the Settlement Contract as set forth above.

24. As a result of Ewing's breaches of the Confidentiality Provision of the Settlement Contract, Freedom Forever has incurred damages in an amount to be proven at trial.

## COUNT THREE – ATTORNEY'S FEES

25. Freedom Forever restates and realleges the allegations in all previous paragraphs as if fully set forth herein.

26. The Settlement Contract provides, "If a dispute occurs regarding this Agreement the prevailing party shall be entitled to all reasonable attorneys' fees."

27. Because Ewing has breached multiple provisions of the Settlement Contract as set forth herein, Freedom Forever is entitled to "all reasonable attorneys' fees" upon entry of judgment in its favor on its Counterclaims.

## COUNT FOUR – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

28. Freedom Forever restates and realleges the allegations in all previous

paragraphs as if fully set forth herein.

29. California law imposed upon Ewing a duty of good faith and fair dealing in the performance of his duties and obligations under the Settlement Contract.

30. The duty of good faith and fair dealing requires a party in a contractual relationship to refrain from conduct that has the effect of preventing the other party to the contract from receiving the fruits of the bargain.

31. As alleged above, by his conduct, Ewing deprived Freedom Forever from receiving the fruits of the Settlement Contract.

32. Ewing's acts constituted a breach of the duty of good faith and fair dealing implied in the Settlement Contract.

33. As a result of Ewing's breaches of the of the duty of good faith and fair dealing, Freedom Forever has incurred damages in an amount to be proven at trial.

WHEREFORE, having fully answered or otherwise responded to the allegations in Ewing's Complaint, Freedom Forever prays that:

(1) Ewing's claims be dismissed in their entirety and with prejudice, and all costs taxed against Ewing in favor of Freedom Forever;

(2) Freedom Forever be granted judgment on its Counterclaims, including an award of costs and attorneys' fees as provided by the Settlement Contract, against Ewing;

(3) Freedom Forever be awarded compensatory damages, and other appropriate monetary damages, on its Counterclaims; and

(4) Freedom Forever be awarded such other and further relief as the Court deems just and appropriate.

DATED: September 4, 2024

/s/ *Larry R. Schmadeka*_____
Larry R. Schmadeka (SBN 160400)
PIERSON FERDINAND LLP
260 Newport Center Dr., Ste. 100
Newport Beach, CA 92660
Tel: (949) 694-5388
Email:
larry.schmadeka@pierferd.com


Barry Goheen (*Pro Hac Vice*)
PIERSON FERDINAND LLP
100 Mount Paran Ridge
Atlanta, GA 30327-3561
Tel: (404) 703-3093
Email: barry.goheen@pierferd.com


*Attorneys for Defendant,*
*FREEDOM FOREVER, LLC*

# CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Pierson Ferdinand LLP, 260 Newport Coast, Suite 100, Newport Beach, CA 92660.

On September 4, 2024, I served the within document:

**DEFENDANT'S FIRST AMENDED COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

X   **CM/ECF SYSTEM**. I caused a true and correct copy to be electronically filed with the Clerk of the Court for the Southern District of California using the CM/ECF system.

X   **BY ELECTRONIC SERVICE:** I caused the document(s) to be electronically served on the interested parties identified in the service list by submitting an electronic version of the document(s) to the parties identified on the service list to the email addresses provided to me.

X   **BY FIRST CLASS MAIL--**by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Yorba Linda, addressed as set forth in the service list below.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 4, 2024, at Yorba Linda, California.

/s/ *Larry R. Schmadeka*
Larry R. Schmadeka

**SERVICE LIST**

Anton A. Ewing
3077 B Clairmont Drive, #372
San Diego, CA 92117
Email: anton@antonewing.com
Plaintiff Pro Se