UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>                              Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER, LLC; and BRETT BOUCHY, an individual,<br><br>                              Defendants. | Case No.: 23-CV-1240 JLS (AHG)<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND (2) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>(ECF Nos. 55, 56) |

Presently before the Court are Plaintiff Anton A. Ewing's Motion for Leave to File Third Amended Complaint ("Mot. to Amend," ECF No. 55) and Motion for Preliminary Injunction ("Prelim. Inj. Mot.," ECF No. 56). In response, Defendant Freedom Forever, LLC ("Freedom Forever") filed an Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint ("Amend Opp'n," ECF No. 65) and Opposition to Plaintiff's Motion for Preliminary Injunction ("Prelim. Inj. Opp'n," ECF No. 63). Plaintiff has not filed a reply to either of Freedom Forever's Oppositions. *See generally* Docket. Having carefully considered the Parties' submissions and the law, the Court **DENIES** Plaintiff's Motion for Leave to File Third Amended Complaint and **DENIES** Plaintiff's Motion for Preliminary Injunction.

///

# BACKGROUND

The Court here incorporates the factual and procedural background outlined in its April 29, 2024 Order ("Order," ECF No. 34) and states only the additional background relevant to the instant motion.

In the Order, the Court granted in part and denied in part Freedom Forever's effort to dismiss portions of the Second Amended Complaint ("SAC," ECF No. 27) against lone Defendant Freedom Forever. Specifically, Freedom Forever had moved to dismiss with prejudice a purported breach of contract claim that Plaintiff had insinuated he was bringing—as abstrusely asserted as it may have been—in the SAC. *See* ECF No. 30. Freedom Forever had also moved to dismiss with prejudice Plaintiff's request for injunctive relief, which had previously been dismissed without prejudice and with leave to amend due to Plaintiff's failure to oppose an earlier motion to dismiss. *See* ECF No. 23 at 18–19.

As relevant here, the Court granted Freedom Forever's Motion to Dismiss as it related to Plaintiff's request for injunctive relief. Although Plaintiff renewed his request for injunctive relief in the SAC, he indicated in his Opposition to Freedom Forever's Motion that he no longer seeks injunctive relief in this matter. *See* ECF No. 32 at 4. Specifically, Plaintiff stated the following: "Plaintiff hereby waives any claim for injunctive relief under the [Telephone Consumer Protection Act ("TCPA")] because it would be worthless and of no value whatsoever." *Id.* With that concession, the Court briskly dismissed Plaintiff's request for injunctive relief, this time with prejudice. Order at 5.

Surviving the Order were Plaintiff's federal TCPA and state-based Consumer Information Privacy Act ("CIPA") claims.[1] But it did give Plaintiff ten (10) days to file an amended complaint or, alternatively, the Court stated that "[i]f Plaintiff elects not to file an

---

[1] The Order did dismiss without prejudice and with leave to amend certain of the calls that Plaintiff had asserted as violations of the TCPA and CIPA, but this slight qualification does not bear heavily on the instant Motions. *See* Order at 8–9.

amended complaint within the time prescribed herein, the case will proceed on Plaintiff's surviving claims . . . ." *Id.* at 9–10. The Order was signed on April 26, 2024, leaving Plaintiff until May 6, 2024 to file. *Id.* at 10.

Plaintiff took no action. *See generally* Docket. Accordingly, on May 20, 2024, Freedom Forever filed an Answer to the SAC, supplemented by four counterclaims.[2] *See* ECF No. 35. That same day, Magistrate Judge Goddard scheduled an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") for July 2, 2024, with a Joint Case Management Statement due by June 25, 2024. *See* ECF No. 36 at 1–3. In the Joint Case Management Statement, filed seven weeks after Plaintiff's deadline for amending the SAC, Plaintiff indicated that he "does anticipate further amending and for joinder," but did not specify as to what modifications to the pleadings he had in mind. *See* ECF No. 40 at 4. After the case did not settle during the July 2, 2024 ENE, Magistrate Judge Goddard promulgated a Scheduling Order setting a deadline for pleading amendments of August 2, 2024, and a deadline for fact discovery of November 22, 2024. *See* ECF No. 46 at 1.

After a bit more motion practice related to Freedom Forever's counterclaims and sanction requests by both sides, Plaintiff filed the instant Motions on July 23, 2024. *See* Mot. to Amend; Prelim. Inj. Mot.

## MOTION FOR LEAVE TO AMEND

**I.  Legal Standard**

Motions to amend are governed by Federal Rule of Civil Procedure 15, which, as relevant here, provides that a party may amend its pleading once as a matter of course within twenty-one days of service of a motion under Rule 12(b) but otherwise must obtain either leave of the court or the written consent of the adverse party in order to amend.

---

[2] Though not relevant for purposes of the instant Motions, Freedom Forever asserted two counterclaims for breach of contract, one counterclaim for attorneys' fees, and one counterclaim for breach of the implied duty of good faith and fair dealing. *See* ECF No. 35 at 17–19.

Fed. R. Civ. P. 15(a); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).

The general policy provided by Rule 15(a)(2) that "[t]he court should freely give leave when justice so requires" is "to be applied with extreme liberality." *Eminence Cap.*, 316 F.3d at 1051 (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Accordingly, leave should be "freely given" absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Yakama Indian Nation v. State of Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999) ("Amendment under the Federal Rules of Civil Procedure should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.") (internal quotation omitted). Of these factors, prejudice is the most important. *Eminence Cap.*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In deciding whether to grant leave to amend, a trial court "should be guided by the underlying purpose of Rule 15(a) . . . to facilitate decisions on the merits, rather than on technicalities or pleadings." *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citing *United States v. Webb*, 655 F.2d 977, 979–80 (9th Cir. 1981)). Absent prejudice or a strong showing of the other *Foman* factors, there is a presumption in favor of granting leave to amend. *Eminence Cap.*, 316 F.3d at 1052 (internal citation omitted). But "when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Siegler v. Sorrento Therapeutics, Inc.*, No. 3:18-cv-01681-GPC-NLS, 2019 WL 2549248, at *4 (S.D. Cal. June 20, 2019) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

/ / /

/ / /

## II. Discussion

In his Motion to Amend, Plaintiff explains that he has dropped all state law claims, thus substantially narrowing the scope of this case. Mot. to Amend at 5.[3] He also contends that "[t]he additional facts are substantially related to the current operative Second Amended Complaint," merely supplementing "the exact same type of telemarketing calls, just from different 'Master Dealers' aka 3rd party telemarketing operations."[4] *Id.* at 4. Yet it is apparent from the face of the proposed Third Amended Complaint, which Plaintiff attached as an exhibit to his Motion to Amend, that Plaintiff now seeks to add three new defendants to this matter—Greg Albright, Brett Bouchy, and Pacific Green Energy, LLC d/b/a Apricot Solar ("Apricot Solar")—one of whom, Brett Bouchy, was named in the original Complaint but voluntarily dismissed in Plaintiff's First Amended Complaint. *See* ECF No. 23 at 4 ("Counsel for Bouchy and Freedom Forever assumed in the Second MTD, and the Court agrees, that Plaintiff voluntarily dismissed Bouchy as a defendant in this action when he filed the FAC.").[5] Plaintiff makes no mention of adding new defendants in his Motion to Amend. *See* Mot. to Amend.

Freedom Forever opposes Plaintiff's Motion to Amend, first by arguing that leave to amend should be denied due to Plaintiff's repeated failure to comply with Southern District of California Local Rule 15.1(b), which requires any motion to amend a pleading to include a version of the proposed amendments that shows "how the proposed amended pleading differs from the operative pleading." Amend Opp'n at 9 (quoting S.D. Cal.

---

[3] All citations to the filings refer to the blue page numbers stamped to the top-right corner of each page in the Court's Case Management/Electronic Case Filing system.

[4] Plaintiff's request for the Court to consolidate related case *Ewing v. Freedom Forever, LLC*, 24-CV-911 JLS (AHG) (S.D. Cal.) into the instant case is **DENIED** as **MOOT** as that case was terminated on July 25, 2024. Order Dismissing Action without Prejudice and Denying Plaintiff's Motion for Sanctions, *Ewing v. Freedom Forever, LLC*, No. 24-CV-911 JLS (AHG) (S.D. Cal. July 25, 2024), ECF No. 15.

[5] The Court also noted that "critically, Plaintiff made no effort in his Opposition to correct Defendant's assumption that he dismissed Bouchy," thus confirming what the Court construed as Plaintiff's voluntary dismissal under Rule 15. ECF No. 23 at 4 n.2.

CivLR 15.1(b)). This Rule, says Freedom Forever, has already been violated by—and enforced against—Plaintiff in the instant case, so the Court should again prevent Plaintiff from skirting the rules. *Id.* But, in the event the Court reaches the merits of Plaintiff's Motion to Amend, Freedom Forever urges the Court to deny the Motion under the traditional factors set forth in *Foman*. *See id.* at 12 (citing *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)).

### A.   Rule 15 Violation

Local Rule 15.1(b) establishes the following requirement in this District: "Any motion to amend a pleading must be accompanied by: . . . a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading." S.D. Cal. CivLR 15.1(b). Similarly, Local Rule 15.1(c) establishes the same requirement for any "amended pleading filed after the granting of a motion to dismiss or motion to strike with leave to amend . . . ." S.D. Cal. CivLR 15.1(c). Violations of these and other Local Rules may be sanctioned by means "authorized by statute or rule or within the inherent power of the Court . . . ." S.D. Cal. CivLR 83.1(a).

Plaintiff learned about these rules the hard way when, on January 24, 2024, he failed to provide two separate versions of the SAC and failed to indicate "where text has been removed, modified, or added."[6] ECF No. 26 at 1 (referencing the stricken document formerly known as ECF No. 25). Due to this violation of Local Rule 15.1(c), the Court struck Plaintiff's SAC as a sanction under Local Rule 83.1, but it granted Plaintiff seven (7) days to file an amended complaint in compliance with the Local Rules. *See id.* at 2.

Plaintiff has again failed to comply with Rule 15.1, but this time his noncompliance falls under the province of Local Rule 15.1(c)'s cousin, Local Rule 15.1(b).

---

[6] Freedom Forever showcases other cases in this District where Plaintiff supposedly flouted Local Rule 15, but the Court need not consider those other violations because Plaintiff's repeated violations in this individual case are sufficient to warrant denial of his Motion to Amend. *See, e.g.*, *Stark v. Stall*, No. 19-cv-00366-AJB-AHG, 2021 WL 1978472 (S.D. Cal. May 18, 2021).

Notwithstanding the subtle distinction between his repeated failure to comply with the Local Rules, the Court again enforces the requirement that a litigant must demonstrate how a proposed amended pleading differs from the operative pleading and **DENIES** Plaintiff's Motion to Amend on these grounds alone. *See Nasser v. Julius Sammann Ltd.*, No. 17-cv-0863-BTM-MDD, 2019 WL 1369009, at *3 (S.D. Cal. Mar. 25, 2019) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

### B. Foman *Factors*

The Court could stop here, but it will also comment on why the *Foman* factors would amount to an additional reason for the Court to deny Plaintiff's Motion to Amend. Because "[i]t is Plaintiff's burden to inform the Court of the grounds that justify leave to amend," *see Williams v. Thornton*, No. 1:06-cv-01535-SKO PC, 2010 WL 2605210, at *2 (E.D. Cal. June 28, 2010), and because Plaintiff failed to comply with Local Rule 15.1(b), "the Court is unable to engage in a full discussion of the [relevant] factors," *see Lavery-Madruga v. CVS Pharmacy Inc.*, No. 22-CV-995 JLS (AHG), 2022 WL 9936374, at *5 (S.D. Cal. Oct. 17, 2022). But after reviewing the Motion to Amend and proposed Third Amended Complaint, the Court notes the following perceived proposed modifications: (1) Plaintiff, again, seeks injunctive relief, *see* Third Amended Complaint ("Proposed TAC," ECF No. 55-2) at 2; (2) Plaintiff seeks to add Greg Albright and Brett Bouchy as defendants under a theory of piercing the corporate veil, *see* Proposed TAC ¶¶ 26, 51; (3) Plaintiff seeks to add Apricot Solar as a defendant for purportedly violating the TCPA, *see* Mot. to Amend at 2; and (4) Plaintiff seeks to voluntarily dismiss his claim for CIPA violations, *see* Mot. to Amend at 2 ("The proposed Third Amened [sic] Complaint . . . only contains federal TCPA matters under Title 47 of the United States Code.").

As to Plaintiff's renewed request for injunctive relief, the request is futile as the Court has already dismissed that type of remedy with prejudice. *See* Order at 5. "A dismissal with prejudice . . . is final," *Strasser v. Oregon*, No. 3:19-cv-1051-SI, 2022 WL 1645570, at *1 (D. Or. May 24, 2022), and the ordinary mechanism for reviving a claim dismissed with prejudice is through reconsideration, *Ruiz v. Gap, Inc.*,

No. 07-5739, 2009 WL 250481, at *3 (N.D. Cal. Feb. 3, 2009) ("[The plaintiff's] motion for leave to amend the Complaint to add a claim that was previously dismissed with prejudice is procedurally improper."). This procedural defect of Plaintiff's Motion to Amend is sufficient to deny the Motion, at least with respect to this particular requested remedy. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

As to the remaining proposed modifications, Plaintiff does not justify his delay in adding the three new defendants. "When the moving party knew or should have known the facts and theories raised by amendment, but still delayed, [the undue delay] factor weighs against the moving party." *Luckert v. Gutierrez*, No. 19-cv-08204-PJH, 2024 WL 3012794, at *4 (N.D. Cal. June 14, 2024) (citing *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

Here, as it pertains to Bouchy and Albright, Plaintiff's nascent theory of piercing the corporate veil should have been known to him since the inception of this lawsuit. In his Proposed TAC, Plaintiff alleges that "Freedom Forever, LLC is owned, operated, controlled and managed by Brett Bouchy and Greg Albright." Proposed TAC ¶ 8. As the alleged RMO and CEO of Freedom Forever, *see id.* ¶ 51, Bouchy and Albright's potential liability as "the alter ego of Freedom Forever, LLC" would have been available since day one, *see id.* ¶ 20. And Plaintiff does not claim any risk that Freedom Forever would be unable to satisfy a judgment against it, which would leave the individual defendants as his only source of recovery. *See Turrey v. Vervent, Inc.*, No. 20-CV-0697 DMS (AHG), 2022 WL 19001976, at *3 (S.D. Cal. Sept. 26, 2022) ("It would not be just to potentially foreclose Plaintiff from meaningful recovery due to a recent change in circumstances for which she was not provided notice and only discovered through independent means.").

Further, as it pertains to Apricot Solar, Plaintiff concedes in his Motion to Amend that he discovered "a lawful recording of a call from 'Apricot' claiming to be a Master Dealer of Freedom Forever" while "conducting a diligent search of Plaintiff's hard-drive . . . ." Mot. to Amend at 2 n.1. It is thus apparent that Plaintiff was in possession

of the relevant information to name Apricot Solar as a defendant in this matter without the need for any disclosure or discovery. So, as Plaintiff effectively admits, he "has filed a motion for leave to amend long after [he] should have become aware of the information that underlies that motion." *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942 MHP, 2004 WL 135861, at *4 (N.D. Cal. Jan. 22, 2004).

Aside from Plaintiff's undue delay in bringing his Motion to Amend, granting the Motion would also amount to prejudice against Freedom Forever and the newly named defendants. "In considering the potential prejudice of the amendment, the Court considers whether the amended complaint would 'greatly change the parties' positions in the action, and require the assertion of new defenses.'" *Kohler v. Flava Enters., Inc.*, No. 10-CV-730-IEG NLS, 2011 WL 666899, at *2 (S.D. Cal. Feb. 17, 2011) (quoting *Phoenix Sols., Inc. v. Sony Elec., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009)). Relevant considerations include, for example, whether the proposed amendment adds additional claims or defenses, *see id.*; whether the proposed amendment is being sought after the cutoff date for such motions, *see Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) (citations omitted); and whether discovery already has closed or will imminently close, *see id.* (citations omitted).

In the present case, adding new defendants "will necessarily cost time and expense for Defendants, and potentially further prejudice them by expanding the scope of this litigation at a late stage." *Turrey*, 2022 WL 19001976, at *3. Fact discovery is set to conclude on November 22, 2024, s*ee* ECF No. 46 at 1, and although Plaintiff brought his Motion before the August 2, 2024 deadline for pleading amendments established by Magistrate Judge Goddard's Scheduling Order, he provides no rationale for failing to file an amended complaint in response to the May 6, 2024 deadline the Court established in the Order. At this stage in the litigation, allowing Plaintiff to add these new defendants would likely require the litigants "to take additional depositions, propound additional written discovery, amend [their] initial disclosures, [and] file a motion to dismiss," all potentially

impacting the current timeline and Defendant's trial preparation. *Baker v. Santa Clara Univ.*, No. 5:17-cv-02213-EJD, 2018 WL 3491689, at *3 (N.D. Cal. July 19, 2018).[7] Moreover, courts have found prejudice to a defendant who was previously dismissed from an action and has "not been part of the litigation since that time." *See Luckert*, 2024 WL 3012794, at *4. Thus, Plaintiff's decision to name Bouchy as a defendant from the outset, later dismiss him from the action, and now attempt to reel him back in adds to the prejudice with regard to Bouchy in particular.

The Court declines at this point to consider whether Plaintiff filed his Motion to Amend in bad faith or whether adding the new defendants would be futile, as the findings above regarding undue delay and prejudice would be sufficient to deny the Motion. However, the above analysis is bolstered by the Court's reliance "on the fact that [Plaintiff] had knowledge of the relevant facts from the inception of the lawsuit, and also the fact that [Plaintiff] had twice before amended its complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 739 (9th Cir. 2013). The Court's "discretion to deny leave to amend is particularly broad where," as here, Plaintiff has already taken multiple opportunities to amend his pleadings. *See Do v. Tri City Healthcare Dist.*, No. 19cv2253-MSB(NLS), 2020 WL 7318119, at *6 (S.D. Cal. Dec. 11, 2020). The "previous amendment" factor thus also weighs against granting Plaintiff's Motion to Amend.

In sum, Plaintiff's violation of Local Rule 15.1(b) is alone sufficient to support the Court's denial of his Motion to Amend. But even if that was not the case, the *Foman* factors would otherwise dictate the same outcome.

## PRELIMINARY INJUNCTION MOTION

As alluded to above, the Court has already dismissed Plaintiff's request for injunctive relief with prejudice. *See* Order at 5. He does not address this rather consequential development in his Preliminary Injunction Motion, nor does he argue that he

---

[7] Although the *Baker* court was largely analyzing the good cause standard for amending a Case Management Order under Federal Rule of Civil Procedure 16, which focuses on the movant's undue delay, the court also independently found prejudice to the defendants. *See Baker*, 2018 WL 3491689, at *3.

is entitled to injunctive relief despite reconsideration being the ordinary mechanism for reviving a claim dismissed with prejudice. *See Ruiz*, 2009 WL 250481, at *3. He simply argues that "[t]he requested Preliminary Injunction is necessary to compel Freedom Forever, LLC's compliance with the law and to prevent irreparable harm to Plaintiff . . . ." Prelim. Inj. Mot. at 2.

In light of this procedural defect of Plaintiff's Motion and his express disclaimer of seeking injunctive relief in this action, *see* ECF No. 32 at 4 ("Plaintiff hereby waives any claim for injunctive relief under the TCPA because it would be worthless and of no value whatsoever."), the Court **DENIES** Plaintiff's Motion for Preliminary Injunction.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 55) and **DENIES** Plaintiff's Motion for Preliminary Injunction.

**IT IS SO ORDERED**.

Dated: November 4, 2024

Hon. Janis L. Sammartino
United States District Judge