UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>                     Plaintiff,<br><br>v.<br><br>FREEDOM FOREVER, LLC; and BRETT BOUCHY, an individual,<br><br>                     Defendants. | Case No.: 23-CV-1240 JLS (AHG)<br><br>**ORDER DENYING DEFENDANT'S APPLICATION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 79) |

Presently before the Court is Defendant Freedom Forever, LLC's ("Freedom Forever") Application for Default Judgment ("Appl.," ECF No. 79). For the reasons that follow, the Application is **DENIED**.

On September 4, 2024, Defendant filed First Amended Counterclaims against Plaintiff Anton A. Ewing ("Am. CC," ECF No. 73). Under Federal Rule of Civil Procedure 15(a)(3), Plaintiff was required to answer or otherwise respond to the Amended Counterclaims by September 18, 2024. Plaintiff failed to do so. On October 24, 2024, Defendant filed the instant Motion which, though entitled "Application for Default Judgment," merely asks the Clerk of the Court to enter default in favor of Defendant.[1]

---

[1] For clarity's sake, the entry of default is distinct from the entry of default judgment. *See* Fed. R. Civ. P. 55. To reiterate, the substance of Defendant's Application seeks only an entry of default.

1

Appl. at 2. That same day, Plaintiff filed an Answer to Amended Counter Claims ("CC Answer," ECF No. 80). Defendant has not objected to Plaintiff's Answer. *See generally* Docket.

Despite the careless whim with which Plaintiff responded to the Amended Counterclaims, the Court finds good cause to deny Defendant's Application. In contrast to Plaintiff's filing of an Answer devoid of any explanation as to why he was delayed by over one month, Plaintiff's proper course of action would have been to request leave to file an untimely response for good cause. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). The Court cannot conduct an analysis under Rule 6 because Plaintiff declined to provide any justification for his tardy filing.

Nevertheless, "some courts have considered 'the filing of a late answer . . . analogous to a motion to vacate a default,' because 'the party filing the late answer receives "the same opportunity to present mitigating circumstances that [it] would have had if a default had been entered and [it] had moved under Rule [55(c)] to set it aside."'" *Tabari v. Kane*, No. CV-10-2419-PHX-DGC (LOA), 2011 WL 2533512, at *2 (D. Ariz. Apr. 26, 2011) (quoting *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992)). As just explained, Plaintiff failed to present mitigating circumstances. But the Court will proceed to analyze Defendant's Application under Federal Rule of Civil Procedure 55(c), which allows the Court to "set aside an entry of default for good cause."

"The court examines three factors when determining whether there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether setting aside the default will prejudice the plaintiff." *First Direct Payment Servs. v. Real Time Care LLC*, No. 22-cv-1599-MMA (DEB), 2023 WL 6131081, at *2 (S.D. Cal. Sept. 19, 2023) (citing *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)).

Plaintiff failed to identify any justification for his delay, but the Court does not detect

nor does Defendant contend that the delay evinces bad faith. Thus, the first factor weighs against entering default because there is no evidence that Plaintiff "*intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir. 2001) (emphasis in original), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001); *see also Stebbins v. Polano*, No. 21-CV-04184-JSW, 2021 WL 8532699, at *2 (N.D. Cal. Oct. 28, 2021) ("[W]hen [the defendant] received [p]laintiff's motion for entry of default, it acted quickly in responding, making clear it was not willing to forfeit its rights.").

Further, the burden of satisfying the "meritorious defense" factor "is not extraordinarily heavy." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). Indeed, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Id.* (quoting *TCI Grp.*, 244 F.3d at 700). Plaintiff's Answer raises several affirmative defenses, including failure to state a claim and breach of contract by Defendant prior to bringing its own breach of contract claim. *See* Answer at 5. The Court finds Plaintiff's allegations sufficient to satisfy the low threshold of establishing a potentially meritorious defense for purposes of setting aside a default. *See, e.g.*, *J & J Sports Prods., Inc. v. Nguyen*, No. 5:11-CV-01166 EJD, 2011 WL 6294332, at *1 (N.D. Cal. Dec. 14, 2011) (finding challenge to allegations of complaint on its merits in motion to set aside a legally cognizable defense for failure to state a claim). Accordingly, this factor, too, weighs in favor of denying Defendant's Application.

Finally, "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 697. The Court does not find Plaintiff's one-month delay in responding to the Amended Counterclaims to constitute sufficient harm to Defendant such that it overcomes the strong preference for deciding cases "on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *see also Veracity Wireless, Inc. v. Virtual Fleet Mgmt., LLC*, No. 17-CV-295 JLS (BLM), 2019 WL 4266550, at *7 (S.D. Cal. Feb. 26,

2019) ("When, as here, a defendant's response is filed within a month of the entry of default, prejudice to the plaintiff as a consequence of setting aside entry of default is unlikely." (citing *Canfield v. VSH Rest. Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995))). The third factor, therefore, also weighs against entering default.

"'The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party.'" *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (citation omitted). Because all three factors weigh against entry of default, the Court **DENIES** Defendant's Application for Default Judgment (ECF No. 79).

**IT IS SO ORDERED.**

Dated: November 8, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

4

23-CV-1240 JLS (AHG)